## WILLIAMS *vs.* BETHANY.

#### APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT.

A peremptory exception may be pleaded, after the cause has been remanded for a new trial.

According to the 420th Article of the Code of Practice, an amendment of the answer after *issue joined*, may be made by adding new exceptions, provided they be not of the dilatory kind.

So in an action for the recovery of rent, on the lessee's holding over, after the case has been remanded, he may oppose the exception, that after the expiration of the lease, he tendered the possession of the premises.

A new trial will not be granted on the allegation that the verdict is contrary to law and evidence, when on an examination of the evidence, it does *not* appear the jury were clearly wrong.

This is an action founded on a written obligation of the defendant, to pay the plaintiff three hundred dollars, for the rent of two plantations, for one year, ending in January, 1829, in which the obligor bound himself " to take the most particular care of all the improvements, and return the rented premises under a good and lawful fence. "

The plaintiff charges the defendant with holding over, and not paying the rent for the year, ending in January, 1829, and doing great damage to the premises, for which he claims three hundred dollars, the price of his rent, and ten thousand dollars in damages, for the injuries, dilapidations, &c., caused by his misconduct to the lands and improvements.

The defendant admitted his signature to the instrument sued on, but pleaded a general denial, and negatived every other allegation in the petition.

He next interposed the plea of *res judicata* to all that part of the plaintiff's demand, which charges him with damages for the ruinous and dilapidated state of the premises, &c.; that all these matters have been adjudged, in a former suit between the parties.

In an amended answer, the defendant averred, he had delivered up the premises, at the end of the year, which were received by the plaintiff. This amendment was objected to by the plaintiff's counsel, but overruled and admitted.

Upon these pleadings, the parties went to trial.

The plaintiff's attorney offered in evidence, the testimony of Vincent Vaughan, residing in the state of Alabama, and Mrs. R. Cooney, of the parish of East Feliciana, which testimony had been taken down by the clerk, on the trial of another suit between the same parties, for the first year's rent, and damages done to the leased premises, which suit and judgment therein, was unappealed from; the defendant's counsel objected to the reading of this testimony, because it was not the best of which the nature of the case admitted; that the testimony of these witnesses, taken in the present suit, would be better than that in the former, &c. The court overruled the objections, admitted the testimony, and a bill of exceptions was taken to the decision.

The defendant then offered in evidence, the record of the suit and judgment, for the first year's rent, and one hundred and fifty dollars in damages, for injuries and damages, which was pleaded as *res judicata.*

The cause was submitted to a jury, on the evidence adduced by the parties, who found a verdict for the defendant; from the judgment rendered thereon, after an unsuccessful attempt for a new trial, the plaintiff appealed.

[This case was formerly before this court, at the May term, 1830, in the Eastern District. See 1 *La. Reports*, 315.]

*Turner*, for the plaintiff.

1. The objection made, to the defendant's amended answer, averring delivery of the premises, at the end of the first year, ought to have been sustained, as the amendment changed the issue, &c.

2. The motion for a new trial, was improperly overruled.

3. The plaintiff is entitled to a judgment, upon the evidence adduced in the cause, for the rent of the premises, held over by defendant, and to damages; the testimony fully and clearly establishes the allegations in the petition.

*Andrews, contra.*

*Bullard, J.,* delivered the opinion of the court.

This case was before the court, on appeal, at a former term. 1. *La. Reports,* 315. The judgment in favor of the defendant was then reversed, and the cause, remanded for a new trial. One of the points then made by the plaintiff's counsel was, that evidence to prove an offer, to surrender the rented land to the proprietor, was inadmissible, unless such offer was pleaded. In this position he was sustained by this court.

On the day fixed for the new trial, in the District Court, the defendant obtained leave to amend his answer, and, in his amended answer, sets up the exception, that after the expiration of the lease, he tendered possession of the premises to the plaintiff, and that he received the place, and retained possession by himself or his tenants. The filing of this exception was opposed by the plaintiff's counsel, on the grounds, 1st, that it came too late, and 2dly, that it changed the issue between the parties. A bill of exceptions was taken, and is now relied on as one of the grounds for reversing the judgment, rendered on the second trial. The exception was in our opinion peremptory, and might well be pleaded at that stage of the proceedings. The 420th article of the Code of Practice, authorises an amendment of the answer after issue joined, by adding new exceptions, provided they be not of the dilatory kind. This is certainly not a dilatory exception. It goes to extinguish the action of the

A peremptory exception may be pleaded after the cause has been remanded for a new trial.

According to article 420 of the Code of Practice an amendment of the answer after issue joined may be made by adding new exceptions, provided they be not of the dilatory kind.

So in an action for the recovery of rent on the lessee's holding over, after the case has been remanded, he may oppose the exception that after the expiration of the lease, he tendered the possession of the premises.

plaintiff. If the other party was taken by surprise, it would have justified a further delay, in procuring evidence to rebut, but he chose not to ask that indulgence, but went into trial.

The appellant contends, that a new trial should have been granted, on the grounds stated by him in his motion, for that purpose; that the verdict was clearly contrary to law and evidence. On an examination of the evidence, which comes up in the record, we are not enabled to say, that the jury was so clearly wrong, as to authorise us to disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

WESTERN DIST.
*August*, 1834.

